| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re<br><br>AJIT CAB CORP.,<br><br>                           Debtor.<br><br>------------------------------------------------------------x | **Hearing Date: March 30, 2021**<br>**Hearing Time: 3:00 p.m.**<br><br>Chapter 11<br><br>Case No. 21-40348 (NHL) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE UNITED STATES TRUSTEE TO DISMISS THIS
SUBCHAPTER V CASE OR, IN THE ALTERNATIVE,
CONVERT CASE TO ONE UNDER CHAPTER 7**

**WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
FOR REGION 2**
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255

Rachel B. Wolf, Esq.
Of Counsel

1

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), dismissing the Subchapter V case of Ajit Cab Corp. (the "Debtor") or, in the alternative, converting the Debtor's case to one under chapter 7.

## I. INTRODUCTION

The Debtor's case should be dismissed because the Debtor has failed to meet its basic obligations as a debtor-in-possession. The Debtor has failed to maintain appropriate insurance, timely file schedules, a statement of financial affairs and small business documents, attend meetings and timely provide information reasonably requested by the United States Trustee, all of which constitute cause for dismissal under Section 1112(b)(4) (C), (F) and (H), respectively. As this Debtor elected to proceed under Subchapter V, the Debtor must comply with the strict statutory deadlines. 11 U.S.C. §§ 1188, 1189. Based on the minimal information provided in the Petition, the Debtor does not appear to have any unencumbered assets to be liquidated or any unsecured creditors to benefit from such liquidation, and the Debtor's secured creditor will be able to exercise its state law remedies against the Debtor outside of bankruptcy. The Court should, therefore, dismiss this case.

## II. STATEMENT OF FACTS

**Procedural History**

1. On February 12, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Subchapter V. ECF No. 1.

2. On February 16, 2021, the United States Trustee filed a Notice of Appointment of Nat Wasserstein, Esq. as the Subchapter V trustee. ECF No. 2.

4. The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession. See Declaration of Lynda Rettagliata in Support of the Motion (the "Rettagliata Decl."), dated March 4, 2021, ¶ 2.

**Assets and Liabilities**

5. On the Petition, the Debtor listed its principal place of business as 3602- 21st Street, Astoria, New York 11106, and its location of its assets at the NYC Taxi & Limousine Commission, 33 Beaver Street, New York, New York 10004. ECF No 1. The Debtor further averred that it has between 1-50 creditors, valued its assets between $0-$50,000 and estimated $0-$50,000 in liabilities. ECF No. 1.

**Deficiencies in the Case**

6. The Debtor did not file Statement Pursuant to E.D.N.Y. LBR 1073-2b, Affidavit Pursuant to E.D.N.Y. LBR 1007-4, Corporate Resolution Pursuant to E.D.N.Y. LBR 1074-1(a), and Corporate Disclosure Statement Pursuant to FBR 1073-3, all of which were due February 12, 2021 (altogether the "Local Forms"). The Debtor did not file Small Business Balance Sheet, Small Business Cash Flow Statement, Small Business Statement of Operations, Small Business Tax Return, all of which were due February 19, 2021 (the "Small Business Documents"). The Debtor did not file Disclosure of Compensation of Attorney for Debtor, Summary of Assets and Liabilities, Schedules A/B, D, E/F, G, H, and Statement of Financial Affairs, all which were due February 26, 2021 (altogether "Schedules and Statements."). Id.

7. On March 1, 2021, the Debtor filed an "Exparte Motion to Extend Time to File Schedules," seeking an additional forty-five days from the Petition Date to file Schedules, Statements and related documents. ECF No. 12. To date, the Court has not entered an order

extending time for the Debtor to file Schedules, Statements and Related Documents.  See Docket.

8. To date, the Claims Register contains two claims filed against the Debtor in the aggregate amount of $1,847,124.69.  See Claims Register, Claim Nos. 1-2.

9. On February 16, 2021, the United States Trustee sent the Debtor a letter (the "February 16th Letter") through email to Karamvir Dahiya, Esq., proposed counsel, enclosing a copy of the United States Trustee Operating Guidelines (the "Guidelines").  See Rettagliata Decl., ¶ 3.  The Guidelines outline the requirements for debtors-in-possession, including the obligation to provide proof of insurance, provide proof of the opening of a debtor-in-possession bank account and other documents.  Id.

10. The Initial Debtor Interview (the "IDI") was initially scheduled for March 2, 2021, and was adjourned to March 4, 2021.  See Rettagliata Decl., ¶ 4.  The United States Trustee and the Subchapter V trustee appeared, and neither the Debtor nor Dahiya appeared at the IDI.  Id.

11. To date, the Debtor has failed to provide the United States Trustee with proof of insurance or the opening of a debtor-in-possession bank account.  See Rettagliata Decl., ¶ 5.

### III. ARGUMENT

**A.   There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including

> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> \*\*\*
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; [and]
>
> \*\*\*
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee.

11 U.S.C. § 1112(b)(4).

The list of factors is non-exclusive. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. 1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy Court may dismiss Chapter 11 filing on motion or sua sponte upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b).

### 1. The Debtor has Failed to Provide Proof of Insurance.

The failure to maintain appropriate insurance constitutes cause for the dismissal of the Debtor's case. 11 U.S.C. § 1112(b)(4)(C); Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC), 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance was one factor supporting court's decision to convert case to chapter 7); In re Daniels, 362 B.R. 428 (Bankr. S.D. Iowa 2007) (attorney's failure to maintain malpractice insurance was cause to

convert case to chapter 7). The Debtor failed to provide the United States Trustee with proof of insurance. See Rettagliata Decl., ¶ 11. Therefore, there is cause to dismiss the Debtor's case under section 11 U.S.C. § 1112(b)(4)(C).

**2.      The Debtor Has Failed to File Schedules and Statements.**

Section 521 provides, in part, that:

(a) The Debtor shall

    (1) file –

        (A) a list of creditors; and

        (B) unless the court orders otherwise –

> (i) a schedule of assets and liabilities;
> (ii) a schedule of current income and current expenses;
> (iii) a statement of the debtor's financial affairs;
> (iv) copies of all payment advice or other evidence of payment received within 60 days before the date of filing of the petition by the debtor from any employer of the debtor . . . .

11 U.S.C. § 521(a)(1). The debtor must file the documents listed in Section 521(a)(1) within fourteen days after the filing of the petition unless the Court grants an extension. Fed. R. Bankr. P. 1007(c). A Debtor's obligation to disclose all its interests at the commencement of a case is broad. See Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) (discussing, in the context of asset concealment, how "full disclosure by debtors is essential to the proper functioning of the bankruptcy system").

The Debtor has failed to file Schedules A/B, E/F, G and H, the Statement of Financial affairs and other required documents. See Notice of Deficient Filing, ECF No. 3. Section 521(a) of the Bankruptcy Code provides that a debtor's duties include filing the schedules and statement of financial affairs within fourteen days of the Petition Date. 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(c). The Debtor's failure to file the schedules and statement of financial affairs

constitutes cause for the dismissal of this case. See 11 U.S.C. § 1112(b)(4)(F) (cause includes the unexcused failure to satisfy timely reporting requirements set forth in the Bankruptcy Code and Rules).

### 3. The Debtor Failed to File Small Business Documents.

In a Subchapter V case, a debtor is directed to file the same documents as a small business debtor within seven days of filing the Petition, including:

> (A) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or
>
> (B) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed.

11 U.S.C. §§ 1116(a), 1187(a). The Debtor has not filed the Small Business Documents. See Docket; Rettagliata Decl., ¶ 7. In a Subchapter V case, the failure to file the Small Business Documents or a statement that such documents exist handicaps the Debtor's ability to timely advance the case towards a consensual Subchapter V within the tight deadlines imposed by Subchapter V of the Bankruptcy Code, including: a) 11 U.S.C. § 1188 (scheduling of a status conference 60 days after the Petition Date and the Debtor's requirement to file a status letter fourteen days in advance of the conference); and b) 11 U.S.C. § 1189(b) (deadline to file plan is 90 days after Petition Date.

### 4. The Debtor Has Failed Provide Proof that It Opened a Debtor-In-Possession Bank Account.

The Debtor has failed to produce documents to the United States Trustee indicating it has opened a debtor-in-possession bank account. See Rettagliata Decl., ¶ 11. Section 345 of the Bankruptcy Code requires that a debtor deposit its money in a bonded bank account. 11 U.S.C. § 345. The Debtor's failure to comply with section 345 constitutes cause for the dismissal of the

case.  See e.g. In re Columbia Gas Sys. Inc., 33 F.3d 294 (3d Cir. 1994) (requirement of section 345 is mandatory).  The United States Trustee's request for documents indicating that the Debtor has opened a debtor-in-possession bank account was reasonable and the Debtor failed to comply.  Therefore, there is cause to dismiss the Debtor's case under section 11 U.S.C. § 1112(b)(4)(H).

  **5.**  **The Debtor Failed to Appear at the Initial Debtor Interview.**

The Debtor failed to appear for the initial debtor interview with the United States Trustee and Subchapter v trustee which held on March 4, 2021.  See Rettagliata Decl., ¶ 4.  The United States Trustee conducts initial debtor interviews in all chapter 11 cases.  Under section 1112(b), the Debtor's failure to attend meetings reasonably requested by the United States Trustee constitutes cause for conversion or dismissal.  11 U.S.C. § 1112(b)(4)(H).  The Debtor's failure to attend the initial debtor interview, therefore, constitutes cause for dismissal of the Debtor's case.

**B.**  **There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.**

Under Section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2).  See also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M. D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under Section 1112(b)(2)).

> Section 1112(b)(2) provides that:
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --

(A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--

(I) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of the creditors and the estate. There is also no likelihood of plan confirmation within a reasonable time given the strict deadlines imposed under Subchapter V of the Bankruptcy Code.

**C. Dismissal is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors or the estate." 11 U.S.C. § 1112(b). See also In re Gonic Realty Trust, 909 F.2d 624, 626-676 (1st Cir.1990) (the Bankruptcy Court has broad discretion to convert or dismiss a chapter 11 case). Under the facts, this case should be dismissed, rather than converted. The Debtor does not appear to have any unencumbered assets to be liquidated or any unsecured creditors to benefit from such liquidation, and the Debtor's secured creditor will be able to exercise its state law remedies against the Debtor outside of bankruptcy. The Court should, therefore, dismiss this case.

## IV. NOTICE

The United States Trustee will serve the Notice of Motion, Declaration and this Memorandum of Law upon the Debtor and parties who have filed Notices of Appearance in the

case. Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V. CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting this motion and dismissing this Subchapter V case under Chapter 11 or, in the alternative, converting the Debtor's case to one under chapter 7, and granting such other and further relief as is just and proper.

Dated: New York, New York
       March 4, 2021                           Respectfully submitted,

                                                WILLIAM K. HARRINGTON
                                                UNITED STATES TRUSTEE, REGION 2

                                                By: */s/ Rachel Wolf*
                                                Rachel Wolf
                                                Trial Attorney
                                                201 Varick Street, Suite 1006
                                                New York, New York 10014
                                                Tel. No. (212) 510-0500
                                                Fax No. (212) 668-2255